UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO. 8:25 cr 8 SDM-NHA

OWEN MCKAY SHEED                               18 U.S.C. § 1349

**INFORMATION**

The United States Attorney charges:

<u>COUNT ONE</u>
**(Mail Fraud Conspiracy)**

JAN 7 2025 PM3:23
FILED - USDC - FLMD - TPA

A.   **Introduction**

At times material to this Information:

1. Defendant OWEN MCKAY SHEED was a resident of North Carolina. BROCK DAVID FISCHER, a/k/a "iFruit," was a resident of Iowa. MIGUEL ANGEL FORTIER, JR., a/k/a "Destined," was a resident of Wisconsin. MATTHEW FREDERIC BERGWALL, a/k/a "MXB," was a resident of Florida. Conspirator #1, a/k/a "Haku," was a resident of New York. SHEED, FISCHER, FORTIER, BERGWALL, and Conspirator #1 are referred to collectively herein as "the Conspirators."

2. "The Victim Company" was a private, multinational shipping, receiving, and supply chain management company. The Victim Company served as a common carrier for hundreds of retailers all over the world.

3. The Conspirators acted as administrators for "the Service," a chat room/marketplace on an encrypted messaging platform. The Service sold access to the Victim Company's tracking platform. This access allowed the Conspirators to enter false and fraudulent tracking information, referred to herein as a "scan," for merchandise shipped by the Victim Company on behalf of victim-retailers. Customers used the Service to obtain full refunds from victim-retailers while maintaining physical possession of merchandise ordered, such as high-end electronics, jewelry, and designer clothing and accessories.

4. This fraud scheme caused nearly 10,000 fraudulent returns and resulted in the victim-retailers losing more than $8 million in merchandise.

### B. The Conspiracy

5. Beginning on an unknown date, but no later than on or about December 28, 2021, and continuing through at least on or about April 14, 2022, in the Middle District of Florida and elsewhere, the defendant,

OWEN MCKAY SHEED,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney, to commit mail fraud, in violation of 18 U.S.C. § 1341.

### C. Manner and Means

6. The manner and means by which the Conspirators sought to accomplish the object of the conspiracy included, among others, the following:

a. It was part of the conspiracy that Conspirators would and did gain unauthorized access to the Victim Company's tracking platform.

b. It was further part of the conspiracy that Conspirators and others would and did order merchandise known to be shipped by the Victim Company from victim-retailers located in the Middle District of Florida and elsewhere.

c. It was further part of the conspiracy that Conspirators and others located in the Middle District of Florida and elsewhere would and did receive merchandise from victim-retailers that had been shipped by the Victim Company.

d. It was further part of the conspiracy that, in exchange for payment, Conspirators would and did cause false and fraudulent information to be entered into the Victim Company's tracking platform, making it appear as if merchandise purchased by Conspirators and others had been returned by the Victim Company, prompting victim-retailers to issue refunds.

e. It was further part of the conspiracy that Conspirators and others would and did receive refunds from victim-retailers for merchandise that had never been returned.

f. It was further part of the conspiracy that Conspirators and others would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## **FORFEITURE**

1.    The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of conspiracy to violate 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.    The property to be forfeited includes, but is not limited to, a judgment in the amount of proceeds obtained from the offense.

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

ROGER B. HANDBERG
United States Attorney

By: _____
fw: Carlton C. Gammons
Assistant United States Attorney

By: _____
for: Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section

5